UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARCUS BOOKER COLLINS,**

    Petitioner,

v.                                                CIVIL NO. 2:16cv458
                                       [ORIGINAL CRIMINAL NO. 2:06cr60]

**UNITED STATES OF AMERICA,**

    Respondent.

### MEMORANDUM DISMISSAL ORDER

This matter comes before the court on the Petitioner's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on July 22, 2016. ECF No. 57. The Motion was filed pursuant to authorization by the Fourth Circuit Court of Appeals to file a successive § 2255 motion. See ECF No. 56. The Motion was mailed to the Fourth Circuit, and transferred to this court pursuant to the Fourth Circuit's authorization order. See Transfer Notice at 1, ECF No. 57.[1]

---

[1] The statute of limitations for seeking retroactive relief under Johnson v. United States, 135 S. Ct. 2551 (2015), expired on June 26, 2016, one year after Johnson was decided on June 26, 2015. See 28 U.S.C. § 2255(f)(3). The Petitioner certifies he placed his motion for authorization to file a successive 28 U.S.C. § 2255 motion, filed with the Fourth Circuit, in the prison's internal mailing system on June 14, 2016. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the prison mailbox rule). Filing for circuit court authorization tolls the one-year statute of limitations in § 2255(f), and it remains tolled until the circuit court rules on the application. See Orona v. United States, 826 F.3d 1196, 1198 (9th Cir. 2016).

The court warned the Petitioner that the Motion appeared to be untimely, and ordered him to show cause, within thirty (30) days, why the court should conclude otherwise. See Show Cause Order of April 3, 2017, ECF No. 59. The court provided the Petitioner with the relevant provisions of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 105, 110 Stat. 1214 (1996), which imposes a one-year statute of limitations on § 2255 motions. The Petitioner has not responded to the Show Cause Order, and the time for doing so has passed.

Accordingly, there is no basis for considering the Motion timely filed. The Petitioner filed his Motion more than one year after the judgment became final, see Show Cause Order at 4, so the Motion is untimely under 28 U.S.C. § 2255(f)(1). The Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion, and the court finds none, so 28 U.S.C. § 2255(f)(2) is inapposite. As discussed in the Show Cause Order, the Motion is not timely pursuant to 28 U.S.C. § 2255(f)(3), because the Petitioner does not present a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). See Show Cause Order at 4-5.[2] Finally, the Petitioner provides no evidence of newly discovered facts that warrant the application

---

[2] See also supra note 1 (statutory tolling only relates to Johnson claim).

of 28 U.S.C. § 2255(f)(4). Consequently, the court finds the Petitioner's Motion to be time-barred. For the reasons stated herein, and for the reasons stated in the Show Cause Order of April 3, 2017, the Motion is **DISMISSED** as untimely.

In his Motion, the Petitioner also requested appointment of counsel. Mot. at 13. Because the Motion did not state adequate reasons for appointment of counsel at this point in a § 2255 proceeding under prevailing law, the court reserved ruling on the Petitioner's request pending his response to the Show Cause Order. Show Cause Order at 5-6, 6 n.2. As the Petitioner has not responded, and his Motion is untimely, the court **DENIES** the request for the reasons stated herein and in the Show Cause Order of April 3, 2017.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Dismissal Order by forwarding, within sixty (60) days of the date of entry of this Memorandum Dismissal Order, a written notice of appeal to the Clerk of the United States District Court at 600 Granby Street, Norfolk, Virginia, 23510. The court declines to issue a certificate of appealability for the reasons stated herein and in the Show Cause Order of April 3, 2017.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

May 15, 2017